**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORDELL YOUNG** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-4875** |
| | : | |
| **JOHN DOE** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                 **October 29, 2024**

A Pennsylvania jury convicted then-twenty-year-old Cordell Young of first-degree murder in 2007. The state court sentenced him to life in prison. The incarcerated Mr. Young now pro se seeks declaratory and injunctive relief challenging the constitutionality of Pennsylvania's sentencing policy for first-degree murderers aged eighteen to twenty. Mr. Young cites recent scientific research showing eighteen-to-twenty-year-olds closely resemble juveniles developmentally and argues juvenile sentencing concepts should govern this older age group. Mr. Young claims the Pennsylvania General Assembly unconstitutionally prevented all convicted murderers at twenty years old in 2007 from presenting mitigating evidence before receiving life imprisonment without parole. He is mistaken as to a convicted murderer's ability to present mitigating evidence at a sentencing hearing. He also offers no basis for us to override Pennsylvania's sentencing policy requiring convicted murderers in their later teens and early twenties to be sentenced consistent with the proceedings for persons older than twenty-one. We dismiss his claim consistent with our Congressionally mandated screening obligations.

## I.     Analysis

Cordell Young pro se claims the Commonwealth's sentencing structure facially violates the Eighth Amendment's ban on cruel and unusual punishment, as well as the Equal Protection and the Due Process Clauses of the Fourteenth Amendment.[1]

We granted Mr. Young leave to proceed without paying the filing fees.[2] We review the complaint before issuing summons consistent with our screening obligations.[3] We must dismiss his Complaint if he lacks standing or does not state a claim.[4] Mr. Young may proceed if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[5] We are mindful of our obligation to "liberally construe a pro se litigant's pleadings . . . particularly when the pro se litigant is imprisoned."[6] Our Court of Appeals directs us to apply relevant legal principles even if the complaint fails to name them.[7] We accept all facts in Mr. Young's complaint as true and construe facts in the light most favorable to him.[8]

Mr. Young must plead two elements to proceed with his civil rights claim: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[9]

Mr. Young is suing "John Doe" in an official capacity because he is challenging the constitutionality of a state law. State officials acting in their official capacity are usually not "persons" under Section 1983 due to the Commonwealth's Eleventh Amendment immunity, but this bar does not apply here because Mr. Young seeks only prospective relief.[10]

Mr. Young also needs to show he has a right secured by the Constitution. He makes a facial challenge to Pennsylvania's sentencing statute arguing the Commonwealth unconstitutionally excludes eighteen-to-twenty-years olds from more lenient sentencing. "[A] facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must

establish that no set of circumstances exists under which the Act would be valid."[11] We cannot treat his challenge as as-applied even upon a liberal interpretation.[12] Mr. Young does not plead details of his circumstances, such as his personal mental development or family background, but only his age at the time of offense.

### A.  Mr. Young's life imprisonment without parole is not presently understood to be cruel and unusual punishment for a twenty-year-old under the Eighth Amendment.

Mr. Young claims sentencing him to life without parole at age twenty is cruel and unusual punishment prohibited by the Eighth Amendment. We disagree. There is no national consensus treating a twenty-year-old as a juvenile and the Pennsylvania General Assembly determines the cutoff for juvenile sentencing at eighteen years old.

The Framers did not distinguish childhood and adulthood at the age of eighteen. We then review Supreme Court guidance. The Supreme Court instructs the Eighth Amendment prohibits cruel and unusual punishment and "guarantees individuals the rights not to be subject to excessive sanctions."[13] "The concept of proportionality is central to the Eighth Amendment."[14]

The Supreme Court banned the death penalty for offenders under eighteen in 2005.[15] It held "the qualities that distinguish juveniles from adults do not disappear when an individual turns 18" and "some under 18 have already attained a level of maturity some adults will never reach," but reasoned "a line must be drawn" because juveniles generally have diminished culpability.[16]

The Supreme Court in *Roper* almost twenty years ago specified its "essential instruction" for the age-based line came from "the objective indicia of national consensus, as expressed in legislative enactments and state practice."[17] The Court in *Graham* and *Miller* applied the same logic.[18] And the Court in *Jones v. Mississippi* three years ago reiterated the principle, emphasizing "the States, not the federal courts, make those broad moral and policy judgments in the first instance when enacting their sentencing laws."[19]

3

The Supreme Court requires we examine legislative enactments and state practices. A few states adjust the age threshold for adult sentencing regarding life imprisonment.[20] But changes happening in a small fraction of the states are not evidence of a changed national consensus. We find no national consensus recognizing a twenty-year old as a juvenile for sentencing purposes.

The lack of national consensus is reflected in our colleagues' adherence to the age-eighteen line set by the Supreme Court. For example, Judge Savage counseled "[o]nly the Pennsylvania Legislature can establish the penalty for a crime . . . We do not attempt to usurp the authority of the state court to impose the sentence it deems appropriate so long as it adheres to the constitutionally mandated requirements as set forth in *Miller* and *Montgomery*."[21]

We turn to see if the Commonwealth has revised its definition of juvenile. It has not. The Pennsylvania Supreme Court mandated in *Batts II* seven years ago the Commonwealth find a juvenile offender incapable of rehabilitation before imposing life imprisonment.[22] But the Pennsylvania Superior Court has refused to apply *Batts II* to a twenty-year-old offender.[23]

Mr. Young does not currently have an argument under the Eighth Amendment. Society may evolve and afford him a later argument.[24] But his claim remains unsupported today.

**B.  Mr. Young's sentencing does not violate the Procedural Due Process Clause.**

Mr. Young alleges his 2007 sentencing violated his procedural due process rights because the Commonwealth did not allow him to present mitigating evidence before receiving a life sentence without parole. His allegation lacks support.

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."[25] We must ask

"what process the State provided, and whether it was constitutionally adequate" to "determine whether a constitutional violation has occurred."[26]

The Pennsylvania General Assembly grants the right to present mitigating evidence. It directs "after a verdict of murder of the first degree . . . the court shall conduct a separate hearing . . . [to] determine whether the defendant shall be sentenced to death or life imprisonment."[27] A Jury can consider mitigating circumstances, including a defendant's history, mental status, and age.[28] But the Commonwealth intends for first-degree murder offenders aged eighteen and older to receive no less than life imprisonment.[29] Mitigating circumstances may reduce a sentence from death to life imprisonment, but it cannot further reduce life imprisonment to a term of years, because life imprisonment in Pennsylvania means life without the possibility of parole.[30]

A life sentence for first-degree murder does not mean the state court disregarded mitigation evidence or violated procedural due process, because the adult offender could otherwise face the death penalty.[31] Mr. Young's sentencing does not violate procedural due process as alleged.

**C.  Mr. Young's sentence does not violate the Equal Protection Clause.**

Mr. Young also claims his 2007 sentence violated the Equal Protection Clause because the Commonwealth allows mitigation considerations only in juvenile and death penalty cases. We disagree.

The Equal Protection Clause prevents states from arbitrarily treating people differently, but classification is allowed unless it is "wholly irrelevant to the achievement of the State's objective."[32] Rational basis review applies unless the classification involves a suspect class or any fundamental right.[33] The Supreme Court has repeatedly ruled age alone is not a suspect class and "[s]tates may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest."[34] Specifically, a

state enforcing its criminal laws will not violate the equal protection clause unless there it uses "an unjustifiable standard such as race, religion, or other arbitrary classifications."[35]

The Supreme Court also acknowledges children are constitutionally different from adults and should receive different treatment. The Pennsylvania General Assembly embodies this principle in section 1102(a) by providing a different sentencing scheme for those convicted of murder under eighteen years old. Drawing a line at age eighteen is not arbitrary when considering the Supreme Court's guidance and national consensus. And Pennsylvania's classification allowing mitigation in death penalty cases, which favors individuals who might otherwise receive the death penalty, is not arbitrary because it reflects "evolving standards of decency that mark the progress of a maturing society."[36]

Mr. Young does not allege a basis for us to find he belongs to a suspect class or the classification is arbitrary. His sentence does not violate the Equal Protection Clause.

## III.   Conclusion

We dismiss Mr. Young's complaint with prejudice as lacking merit consistent with our Congressionally mandated screening obligations and finding he could not amend to cure his claim absent a change in Pennsylvania sentencing law.

---

[1] ECF 2.

[2] ECF 7.

[3] 28 U.S.C. § 1915A; *Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000).

[4] Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B); *Turner v. Dist. Att'y Philadelphia Cnty.,* No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[7] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45).

[8] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[9] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citation omitted). Mr. Young must plead a de facto injury to meet the constitutional minimum of standing. He admits no injury in his complaint. But he could have received a term imprisonment if he was tried as a juvenile at twenty, although life imprisonment would still be possible. We recognize depriving a potentially favorable sentence—if the statute is indeed unconstitutional—causes an injury to Mr. Young; he has showed injury in fact. *Clinton v. City of New York*, 524 U.S. 417, 430 (1998) ("Even if the outcome of the second trial is speculative, the reversal, like the President's cancellation, causes a significant immediate injury by depriving the defendant of the benefit of a favorable final judgment.").

[10] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (holding *the ex parte Young* doctrine creates an exception to the sovereign immunity for suits challenging the constitutionality of a state official's action); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("official-capacity actions for prospective relief are not treated as actions against the State").

[11] *United States v. Salerno*, 481 U.S. 739, 745 (1987).

[12] *See Rust v. Sullivan*, 500 U.S. 173, 183 (1991);  *Salerno*, 481 U.S. at 745 n.3.

[13] *Roper v. Simmons*, 543 U.S. 551, 560 (2005).

[14] *Graham v. Florida*, 560 U.S. 48, 59 (2010).

[15] *Roper*, 543 U.S. at 571, 574.

[16] *Id.*

[17] *Id.* at 543 U.S. at 564 (exercising Court's independent judgment based on national consensus, common sense, scientific and sociological studies, and theories of punishment to decide whether death penalty is a disproportionate punishment for people under eighteen).

[18] *Graham*, 560 U.S. at 62, 68 ("actual sentencing practices are an important part of the Court's inquiry into consensus"); *Miller v. Alabama*, 567 U.S. 460, 462 (2012) (following *Graham* and *Roper*).

[19] *Jones v. Mississippi*, 593 U.S. 98, 119–20 (2021) (clarifying the Eighth Amendment, *Montgomery, or Miller* does not require a finding that a minor be permanently incorrigible as a prerequisite to a sentence of life without parole).

[20] *Commonwealth v. Mattis*, 493 224 N.E.3d 410, 415 (Mass. 2024); *People v. Parks*, 987 N.W.2d 161, 172 (Mich. 2022); *Matter of Monschke*, 482 P.3d 276, 288 (Wash. 2021).

[21] *Songster v. Beard*, 201 F. Supp. 3d 639, 642 (E.D. Pa. 2016). Our colleagues keep the cutoff line for juvenile sentencing at age eighteen. See *Ellison v. Ransom*, No.18-5329, 2022 WL 16972500, at *25 (E.D. Pa. Sept. 23, 2022); *White v. Zaken*, No.19-1654, 2020 WL 8083843, at *16 (E.D. Pa. July 24, 2020); *Woodward v. Debalso*, No.17-224, 2019 WL 5677700, at *4 (E.D. Pa. Nov. 1, 2019); *Boyd v. Warden*, No.17-1174, 2019 WL 2005605, at *5 (M.D. Pa. May 7, 2019); *Pritchard v. Wetzel*, No.13-5406, 2014 WL 199907, at *1 (E.D. Pa. Jan. 16, 2014); *see also Martinez-Castro v. Bennett*, No. C23-256, 2023 WL 11876379, at *12 (W.D. Wash. Dec. 27, 2023) ("[T]he United States Supreme Court has not held, nor clearly established a rule, that state courts must consider an individual's 'youthfulness' when sentencing an adult.").

[22] *Commonwealth v. Batts*, 640 Pa. 401, 411 (2017) ("We recognize a presumption against the imposition of a sentence of life without parole for a juvenile offender. To rebut the presumption, the Commonwealth bears the burden of proving, beyond a reasonable doubt, that the juvenile offender is incapable of rehabilitation.").

[23] *Commonwealth v. Myers*, 309 A.3d 1014 (Pa. Super. 2023); *Commonwealth v. Cotton*, 237 A.3d 1085, 2020 WL 3469702 at *5 (Pa. Super. 2020).

[24] *Trop v. Dulles*, 356 U.S. 86, 101 (1958) ("the Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society").

The United States Sentencing Guidelines, effective on November 1, 2024 (unless Congress objects), allow federal judges sentencing juveniles to recognize "[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." United States Sentencing Commission, *2024 Amendments to the Federal Sentencing Guidelines*, at 13–14. The USSC's sentencing guidelines are advisory and do not affect Pennsylvania's view.

[25] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

[26] *Id.* at 126.

[27] 42 Pa. C.S. § 9711(a-b).

[28] *Id.* § 9711(e).

[29] 18 Pa. C.S. § 1102(a).

[30] 61 Pa. C.S. § 6137(a)(1).

[31] *See id.* § 6137(a)(1).

[32] *McGowan v. Maryland*, 366 U.S. 420, 425–26 (1961).

[33] *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 28 (1973).

---

[34] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000); *see also Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976).

[35] *Oyler v. Boles,* 368 U.S. 448, 456 (1962).

[36] *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *Miller*, 567 U.S. at 469–70 (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 102 (1976)).